IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVAN G. BAELLA-SILVA<br><br>　　　Plaintiffs,<br><br>　　　　　　v.<br><br>WALGREEN OF PUERTO RICO, INC.; WALGREEN OF SAN PATRICIO, INC.; WALGREEN ABC; KMART OPERATIONS, LLC; KMART CORPORATION, KMART ABC; OFFICEMAX NORTH AMERICA, INC.; OFFICEMAX PUERTO RICO, INC.; OFFICEMAX ABC; OFFICE DEPOT PUERTO RICO, LLC.; OFFICE DEPOT ABC; JOHN DOE; INSURANCE COMPANY ABC, INSURANCE COMPANY XYZ<br><br>　　　Defendants. | Civil No.<br><br><br><br>Re: Copyright Infringement<br>JURY TRIAL REQUESTED |

## **COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES NOW** Ivan G. Baella-Silva (hereinafter ("Baella-Silva" or "Plantiff") and respectfully states, alleges and prays as follows:

### **I. JURISDICTION AND VENUE**

1. This is a suit for copyright infringement under Title 17 of the United States Code ("U.S.C."). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents and trademarks).

1

2. Venue in this Court is proper under 28 U.S.C. §1391(b) because the events and omissions giving rise to the Complaint occurred within the District of Puerto Rico.

## II. THE PARTIES

3. Plaintiff, Ivan G. Baella-Silva ("Baella-Silva") is of legal age and a resident of Puerto Rico, with an address at #6A Topacio Street, Parque San Patricio, Guaynabo, PR 00968.

4. Defendant Walgreen of Puerto Rico, Inc. ("Walgreen") is upon knowledge or belief, a corporation incorporated under the laws of Puerto Rico with its principal place of business in Puerto Rico. Defendant Walgreen owns, operates, controls or is responsible for the operation of one or more of the "Walgreen's" stores listed in Exhibit 1(A) of this complaint.

5. Defendant Walgreen of San Patricio, Inc. ("Walgreen SP") is upon knowledge or belief, a corporation incorporated under the laws of Puerto Rico with its principal place of business in Puerto Rico. Defendant Walgreen owns, operates, controls or is responsible for the operation of one or more of the "Walgreen's" stores listed in Exhibit 1(A) of this complaint.

6. Walgreen ABC is the fictitious name of any unknown Walgreen entity, other than Walgreen and Walgreen SP, that owns, operates, controls or is responsible for the operation of the "Walgreen's" stores listed in Exhibit 1(A) of this complaint.

7. Defendant Kmart Operations, LLC. ("Kmart Operations") is upon knowledge or belief, a corporation incorporated under the laws of Delaware with its principal place of business in Delaware. Defendant Kmart Operations owns, operates, controls or is responsible for the operation of one or more of the "Kmart" stores listed in Exhibit 1(A) of this complaint.

8. Defendant Kmart Corporation ("Kmart") is upon knowledge or belief, a corporation incorporated under the laws of Michigan with its principal place of business in Illinois.

Defendant Kmart owns, operates, controls or is responsible for the operation of one or more of the "Kmart" stores listed in Exhibit 1(A) of this complaint.

9. Kmart ABC is the fictitious name of any unknown Kmart entity, other than Kmart, that owns, operates, controls or is responsible for the operation of the "Kmart" stores listed in Exhibit 1(A) of this complaint.

10. Defendant Officemax North America, Inc. ("Officemax NA") is upon knowledge or belief, a corporation incorporated under the laws of Ohio with its principal place of business in Illinois. Defendant Officemax NA owns, operates, controls or is responsible for the operation of one or more of the "Officemax" and "Office Depot" stores listed in Exhibit 1(A) of this complaint.

11. Defendant Officemax Puerto Rico Inc. ("Officemax PR") is upon knowledge or belief, a corporation incorporated under the laws of Puerto Rico with its principal place of business in Puerto Rico. Defendant Officemax PR owns, operates, controls or is responsible for the operation of one or more of the "Officemax" and "Office Depot" stores listed in Exhibit 1(A) of this complaint.

12. Officemax ABC is the fictitious name of any unknown Officemax entity, other than Officemax NA and Officemax PR, that owns, operates, controls or is responsible for the operation of the "Officemax" stores listed in Exhibit 1(A) of this complaint.

13. Defendant Office Depot Puerto Rico, LLC ("Office Depot") is upon knowledge or belief, a corporation incorporated under the laws of Puerto Rico with its principal place of business in Florida. Defendant Office Depot owns, operates, controls or is responsible for the operation of the "Office Depot" stores listed in Exhibit 1(A) of this complaint.

14. Office Depot ABC is the fictitious name of any unknown Office Depot entity, other than Office Depot, that owns, operates, controls or is responsible for the operation of the "Office Depot" stores listed in Exhibit 1(A) of this complaint.

15. John Doe and Jane Doe are the fictitious names of any unknown natural persons that own, operate, control or are responsible for the operation of any of the stores listed in Exhibit 1(A) of this complaint.

16. Insurance Company ABC and Insurance Company XYZ are the fictitious names of any unknown insurance companies that provide insurance coverage in the name of any of the defendants covering the facts and claims alleged in this complaint.

### III. FACTUAL BACKGROUND

17. Plaintiff Baella-Silva is a professional photographer that, among other jobs, takes professional pictures of winning horses at races that take place at Hipódomo Camarero in Canóvanas, Puerto Rico.

18. These photographs, which are taken on the date of each race, bear the name of the winning horse and indicate (a) the date of the race and hence the date each photograph was taken; (b) the name of the photographer; and (c) the fact that they are subject to copyright.

19. The original photographic works listed in the first column of Exhibit 1(A) of this complaint were taken or created by Baella-Silva on the dates listed in the second column of Exhibit 1(A) of this complaint.

20. Since then, these photographic works have been printed and published in strict conformity with Title 17 of the U.S.C.

21. Each photograph is sold to the racehorse owner and/or third parties, for a profit.

22. Plaintiff owns the copyrights to the photographic works listed on Exhibit 1(A) of this complaint, which have been registered under Copyright Registration Nos. VAu 1-148-776 and VA 1-904-398 (the "Copyrighted Works"). Exhibits 2 and 3.

23. Defendants, on the dates specified in Exhibit 1(A), and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each photographic work listed in Exhibit 1(A) by copying or causing each work to be copied, without authorization, one or more times.

24. The copying of Baella-Silva's Copyrighted Works on the dates specified in Exhibit 1(A) on defendants' premises was unauthorized. Neither defendants, nor any of the defendants' agents, servants or employees was licensed by or otherwise received permission from Plaintiff or any agent, servant or employee of Plaintiff to copy the Copyrighted Works.

25. In undertaking the conduct complained of in this action, defendants knowingly and intentionally violated Plaintiff's rights.

26. Defendants' knowledge and intent are established, among other reasons, by the fact that the Copyrighted Works copied by defendants are clearly professional pictures taken in a commercial setting (a race track) and by the fact that each picture or photograph prominently depicts the name of the photographer, the date of the photograph and the fact that the photograph is subject to copyright. A sample of one of the Copyrighted Works is attached hereto as Exhibit 4.

27. At the times of the acts of infringement complained of, Baella-Silva was the owner of the copyrights in the Copyrighted Works.

## IV. FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT (17 U.S.C. §§101 ET SEQ.)
### AGAINST ALL DEFENDANTS

28. Plaintiff incorporates, in their pertinent parts, the preceding paragraphs, as if fully stated herein, in support of his cause of action.

29. Defendants are liable to Plaintiff for direct and/or contributory infringement of plaintiffs' copyrights, consisting in the unauthorized reproduction of the Copyrighted Works detailed in Exhibit 1(A), on the dates set forth therein, and/or allowing, tolerating or otherwise contributing to the unauthorized reproduction of said Copyrighted Works on said dates.

30. Defendants' infringement of Plaintiff's copyrights in the Copyrighted Works is willful, has been going on in excess of three years and threatens to be continued unless otherwise ordered by this Court.

31. Plaintiff is entitled to and requests a permanent injunction restraining defendants, their respective officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

32. Plaintiff is entitled to and requests statutory damages for defendants' infringements and/or willful infringements of plaintiffs' copyrights, pursuant to 17 U.S.C. §504(c)(1) and/or (c)(2), for each one of the infringements detailed in Exhibit 1(A), in an amount of no less than $100,000.00 per defendant.

33. Plaintiff is entitled to and requests to be granted attorney's fees and costs pursuant to 17 U.S.C. § 505.

34. Plaintiff hereby requests a trial by jury.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

a. Entering a permanent injunction restraining defendants, their respective officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

b. Granting Plaintiff statutory damages for defendants' infringements and/or willful infringements of Plaintiff's copyrights, pursuant to 17 U.S.C. §504(c)(1) and/or (c)(2), for each one of the infringements detailed in Exhibit 1(A), in an amount of no less than $100,000.00 per defendant.

c. Granting costs and reasonable attorney's fees.

d. That this Honorable Court enter Judgment as to all of Plaintiff's claims and grant any additional remedy at law or equity pursuant to the facts pled herein.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of February, 2017.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ José L. Ramírez-Coll**
JOSÉ L. RAMÍREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com